JONATHAN K. WALDROP (SBN: 297903)
jwaldrop@kasowitz.com
DARCY L. JONES (SBN: 309474)
djones@kasowitz.com
MARCUS A. BARBER (SBN: 307361)
mbarber@kasowitz.com
JOHN W. DOWNING (SBN: 252850)
jdowning@kasowitz.com
HEATHER S. KIM (SBN: 277686)
hkim@kasowitz.com
JACK SHAW (SBN: 309382)
jshaw@kasowitz.com
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Tel:  (650) 453-5170
Fax:  (650) 453-5171

Attorneys for Defendants ASUS COMPUTER
INTERNATIONAL and ASUSTeK COMPUTER
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, | Case No.  2:17-cv-02948-AG-JCG |
| Plaintiff, | **DEFENDANTS' ANSWER TO AMENDED COMPLAINT** |
| v. | **[DEMAND FOR JURY]** |
| ASUS COMPUTER INTERNATIONAL and ASUSTeK COMPUTER INC., | **Hon. Andrew J. Guilford** |
| Defendants. | **Magistrate Judge Jay C. Gandhi** |

Defendants ASUS COMPUTER INTERNATIONAL ("ACI") and ASUSTeK

COMPUTER INC., ("ASUSTeK") (collectively "Defendants" or "ASUS") for their

answer to the Amended Complaint, state as follows:

## I.    JURISDICTION AND VENUE[1]

1.    ASUS admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  ASUS specifically denies that it is liable for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  ASUS admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, ASUS denies the allegation in Paragraph 1 of the Amended Complaint.

## II.    THE PARTIES

2.    ASUS lacks sufficient knowledge and information on which to form an admission or a denial regarding the allegations contained in Paragraph 2 of the Amended Complaint, and therefore denies them.

3.    ACI admits that it is a California corporation with a principal place of business at 800 Corporate Way, Fremont, California 94539.  ACI also admits that its registered agent for service of process is C T Corporation System, 818 W 7th St. Ste. 930, Los Angeles, CA 90017.

4.    ASUSTeK admits that it is a Taiwanese corporation with a principal place of business at No. 15, Li-De Road, Beitou District, Taipei, Taiwan.  The remaining allegations contained in this paragraph constitute legal conclusions to which no answer is required.  To the extent that an answer is required, Defendants deny the remaining allegations set forth in Paragraph 4 of the Amended Complaint.

5.    ACI admits that it is incorporated under the laws of the State of California and has its principal place of business at 800 Corporate Way, Fremont, California 94539.  ACI does not contest personal jurisdiction for purposes of this action only.  Except as expressly admitted herein, ASUS denies the allegation in

---

[1] For ease of reference, Defendants follow the outline headings used in the Complaint. To the extent that such headings are deemed to make factual allegations, Defendants do not adopt or admit such allegations.  All allegations not expressly admitted herein are denied.

Paragraph 5 of the Amended Complaint.

6.     ASUSTeK specifically denies that it has committed or is committing acts of infringement under any theory in this judicial district or elsewhere in the United States.  The remaining allegations contained in this paragraph constitute legal conclusions to which no answer is required.  To the extent that an answer is required, ASUSTeK denies the remaining allegations set forth in Paragraph 6 of the Amended Complaint.  Except as expressly admitted herein, ASUSTeK denies the allegation in Paragraph 6 of the Amended Complaint.

7.     ASUS denies that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  ASUS specifically denies that it is or has committed or is committing acts of infringement under any theory in this judicial district or elsewhere in the United States.  Except as expressly admitted herein, ASUS denies the allegation in Paragraph 7 of the Amended Complaint.

### III.   BACKGROUND OF THE TECHNOLOGY

8.     ASUS lacks sufficient knowledge and information on which to form an admission or a denial regarding the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.     ASUS lacks sufficient knowledge and information on which to form an admission or a denial regarding the allegations contained in Paragraph 9 of the Amended Complaint, and therefore denies them.

10.    ASUS lacks sufficient knowledge and information on which to form an admission or a denial regarding the allegations contained in Paragraph 10 of the Amended Complaint, and therefore denies them.

### IV.   COUNT ONE:

### INFRINGEMENT OF UNITED STATES PATENT NO. 7,062,296

11.    ASUS admits that Ex. A purports to be a copy of United States Patent No. 7,062,296 ("the '296 Patent"), and that the '296 patent speaks for itself.  ASUS

admits that the face of the '296 patent shows that it is titled "FORCED BEAM SWITCHING IN WIRELESS COMMUNICATION SYSTEMS HAVING SMART ANTENNAS" and was issued by the United States Patent and Trademark Office on June 13, 2006.  ASUS specifically denies that the '296 patent was duly and legally issued.   Except as expressly admitted herein, ASUS denies the allegation in Paragraph 11 of the Amended Complaint.

12.  ASUS denies the allegations set forth in Paragraph 12 of the Amended Complaint.

13.  As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 13 of the Amended Complaint.

14.  As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 14 of the Amended Complaint.

15.  As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 15 of the Amended Complaint.

16.  As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 16 of the Amended Complaint.

17.  As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every

allegation set forth in Paragraph 17 of the Amended Complaint.

18.    As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 18 of the Amended Complaint.

19.    As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 19 of the Amended Complaint.

20.    ASUS denies the allegations set forth in Paragraph 20 of the Amended Complaint.

21.    ASUS denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22.    ASUS denies the allegations set forth in Paragraph 22 of the Amended Complaint.

23.    ASUS denies the allegations set forth in Paragraph 23 of the Amended Complaint.

24.    ASUS denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    ASUS denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26.    ASUS denies the allegations set forth in Paragraph 26 of the Amended Complaint.

27.    ASUS denies the allegations set forth in Paragraph 27 of the Amended Complaint.

## V.    COUNT TWO:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,729,728

28.    ASUS admits that Ex. B purports to be a copy of United States Patent No. 7,729,728 ("the '728 Patent"), and that the '728 patent speaks for itself.  ASUS admits that the face of the '728 patent shows that it is titled "FORCED BEAM SWITCHING IN WIRELESS COMMUNICATION SYSTEMS HAVING SMART ANTENNAS"  and was issued by the United States Patent and Trademark Office on June 1, 2010.  ASUS specifically denies that the '728 patent was duly and legally issued.   Except as expressly admitted herein, ASUS denies the allegation in Paragraph 28 of the Amended Complaint.

29.    ASUS denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30.    As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 30 of the Amended Complaint.

31.    As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 31 of the Amended Complaint.

32.    As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 32 of the Amended Complaint.

33.    As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every

1     allegation set forth in Paragraph 33 of the Amended Complaint.

2           34.    As Plaintiff appears to be asserting claim language, claim limitations,

3     and/or legal conclusions, and as there has been no claim construction order in this

4     action, no response is required.  To the extent necessary, ASUS denies each and every

5     allegation set forth in Paragraph 34 of the Amended Complaint.

6           35.    As Plaintiff appears to be asserting claim language, claim limitations,

7     and/or legal conclusions, and as there has been no claim construction order in this

8     action, no response is required.  To the extent necessary, ASUS denies each and every

9     allegation set forth in Paragraph 35 of the Amended Complaint.

10          36.    As Plaintiff appears to be asserting claim language, claim limitations,

11    and/or legal conclusions, and as there has been no claim construction order in this

12    action, no response is required.  To the extent necessary, ASUS denies each and every

13    allegation set forth in Paragraph 36 of the Amended Complaint.

14          37.    As Plaintiff appears to be asserting claim language, claim limitations,

15    and/or legal conclusions, and as there has been no claim construction order in this

16    action, no response is required.  To the extent necessary, ASUS denies each and every

17    allegation set forth in Paragraph 37 of the Amended Complaint.

18          38.    As Plaintiff appears to be asserting claim language, claim limitations,

19    and/or legal conclusions, and as there has been no claim construction order in this

20    action, no response is required.  To the extent necessary, ASUS denies each and every

21    allegation set forth in Paragraph 38 of the Amended Complaint.

22          39.    ASUS denies the allegations set forth in Paragraph 39 of the Amended

23    Complaint.

24          40.    ASUS denies the allegations set forth in Paragraph 40 of the Amended

25    Complaint.

26          41.    ASUS denies the allegations set forth in Paragraph 41 of the Amended

27    Complaint.

28

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT                                              7                    CASE NO. 2:17-CV-2948-AG-JCG

42.     ASUS denies the allegations set forth in Paragraph 42 of the Amended Complaint.

43.     ASUS denies the allegations set forth in Paragraph 43 of the Amended Complaint.

44.     ASUS denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45.     ASUS denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46.     ASUS denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     ASUS denies the allegations set forth in Paragraph 47 of the Amended Complaint.

## VI.    COUNT THREE:

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,611,231

48.     ASUS admits that Ex. C purports to be a copy of United States Patent No. 6,611,231 ("the '231 Patent"), and that the '231 patent speaks for itself.  ASUS admits that the face of the '231 patent shows that it is titled "WIRELESS PACKET SWITCHED  COMMUNICATION  SYSTEMS  AND  NETWORKS  USING ADAPTIVELY STEERED ANTENNA ARRAYS"  and was issued by the United States Patent and Trademark Office on August 26, 2003.  ASUS specifically denies that the '231 patent was duly and legally issued.  Except as expressly admitted herein, ASUS denies the allegation in Paragraph 48 of the Amended Complaint.

49.     As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required.  To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 49 of the Amended Complaint.

50.     As Plaintiff appears to be asserting claim language, claim limitations,

and/or legal conclusions, and as there has been no claim construction order in this action, no response is required. To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 50 of the Amended Complaint.

51. As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required. To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 51 of the Amended Complaint.

52. As Plaintiff appears to be asserting claim language, claim limitations, and/or legal conclusions, and as there has been no claim construction order in this action, no response is required. To the extent necessary, ASUS denies each and every allegation set forth in Paragraph 52 of the Amended Complaint.

53. ASUS denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54. ASUS denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55. ASUS denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56. ASUS denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57. ASUS denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58. ASUS denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59. ASUS denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60. ASUS denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     ASUS denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     ASUS denies the allegations set forth in Paragraph 62 of the Amended Complaint.

## VII.   WILLFUL INFRINGEMENT

63.     ASUS states that the abandoned '449 Application speaks for itself.  The remaining allegations contained in this paragraph constitute legal conclusions to which no answer is required.  To the extent that an answer is required, Defendants deny the remaining allegations set forth in Paragraph 63 of the Amended Complaint.

64.     ASUS states that the abandoned '449 Application speaks for itself.  The remaining allegations contained in this paragraph constitute legal conclusions to which no answer is required.  To the extent that an answer is required, Defendants deny the remaining allegations set forth in Paragraph 64 of the Amended Complaint.

65.     ASUS denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66.     ASUS specifically denies that it is or has committed or is committing acts of infringement under any theory in this judicial district or elsewhere in the United States.  Except as expressly admitted herein, ASUS denies the allegation in Paragraph 66 of the Amended Complaint.

67.     ASUS denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     ASUS denies the allegations set forth in Paragraph 68 of the Amended Complaint.

## PRAYER FOR RELIEF

ASUS denies that Plaintiff is entitled to any of the relief set forth in the Amended Complaint or any other relief, including, but not limited to, the relief set forth in Plaintiff's Prayer for Relief section of the Amended Complaint.  Specifically,

ASUS denies that Plaintiff is entitled to the relief sought under Paragraph (d) of the Prayer for Relief section based on its claim of alleged willful infringement.

## AFFIRMATIVE AND OTHER DEFENSES

ASUS alleges and asserts the following defenses upon information and belief in response to the allegations of the Amended Complaint, undertaking the burden of proof only as required by law.  ASUS reserves the right to amend this Answer, or add additional defenses, as additional information becomes available and/or is discovered.

### FIRST DEFENSE
### (Failure to State a Claim for Relief)

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Invalidity)

The claims of the patents-in-suit are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., including, but not limited to, §§ 101, 102, 103, and 112, and/or obviousness-type double patenting, ensnarement, indefiniteness, and/or failure to comply with the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

### THIRD DEFENSE
### (Non-Infringement)

ASUS does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the patents-in-suit under any theory of infringement, including direct infringement, indirect infringement, literal infringement, joint infringement, or infringement under the doctrine of equivalents.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT                    11                    CASE NO. 2:17-CV-2948-AG-JCG

**FOURTH DEFENSE**

**(Failure to Mark)**

Plaintiff's requested relief is limited by its failure to comply with the marking and notice requirement of 35 U.S.C. §287.

**FIFTH DEFENSE**

**(Unenforceability)**

The claims of the patents-in-suit are unenforceable, in whole or in part, by the doctrines of prosecution laches, waiver, disclaimer, patent misuse, and/or estoppel, including equitable estoppel, prosecution history estoppel, and/or prior art estoppel.

**SIXTH DEFENSE**

**(No Exceptional Case)**

Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against ASUS pursuant to 35 U.S.C. § 285.

**SEVENTH DEFENSE**

**(No Basis for Injunctive Relief)**

Plaintiff is not entitled to injunctive relief against ASUS for at least the following reasons on information and belief:  Plaintiff is not competing with ASUS, Plaintiff is not practicing the alleged inventions of the patents-in-suit, Plaintiff has not suffered irreparable harm, and/or Plaintiff has an adequate remedy at law (to the extent it is entitled to any remedy, which ASUS denies).

**EIGHTH DEFENSE**

**(License and/or Exhaustion)**

To the extent that Plaintiff's allegations of infringement relate to products or services that were provided by or for any licensee of the patents-in-suit and/or provided to ASUS by or through a licensee of the patents-in-suit or under a covenant not to sue, whether explicitly or impliedly, Plaintiff's claims are barred.

## NINTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## TENTH DEFENSE

### (Lack of Standing)

To the extent that the inventions claimed in the patents-in-suit were developed within the scope of the named inventors' employment at HP, HP and its successor entities have an ownership interest in the patents under contract and/or equitable principles. Plaintiff lacks standing to sue for patent infringement to the extent it does not hold all substantial rights to the Patents-in-Suit.

## ELEVENTH DEFENSE

### (Standards-Essential Patents)

To the extent the patents-in-suit should have been disclosed as essential to a wireless network standard, including but not limited to any of the IEEE 802.11 standards, any damages should be limited in accordance with Plaintiff's obligation to license the patents-in-suit at fair, reasonable, and non-discriminatory rates, and Plaintiff's claims are further barred under unclean hands or other equitable principles due to any failure to disclose the patents to the relevant standard-setting organizations.

## TWELFTH DEFENSE

### (Lack of Knowledge)

To the extent Plaintiff alleges that ASUS indirectly infringes, either by contributory infringement or inducement of infringement, ASUS cannot be liable for the acts alleged to have been performed before ASUS had knowledge of any of the

1  Patents-in-Suit or that its actions would cause infringement of one or more of those
2  patents.

### THIRTEENTH DEFENSE

### (Limitation on Costs)

Plaintiff is barred from recovering any costs in connection with this action under 35 U.S.C. § 288.

### FOURTEENTH DEFENSE

### (Limitation on Damages)

Plaintiff's claims for damages are limited by 35 U.S.C. § 286.

### RESERVATION OF DEFENSES

Defendants reserve the right to assert additional defenses as may be warranted by discovery or further factual investigations in this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

(a)  Adjudging and declaring that Defendants have not infringed and are not infringing any claim of the patents-in-suit, either literally or under the doctrine of equivalents, directly or indirectly, or in any other way;

(b)  Adjudging and declaring that the claims of U.S. Patent No. 7,062,296 are invalid;

(c)  Adjudging and declaring that the claims of U.S. Patent No. 7,729,728 are invalid;

(d)  Adjudging and declaring that the claims of U.S. Patent No. 6,611,231, are invalid;

(e)  Dismissing the Amended Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Defendants;

(f)  Declaring this case is exceptional under 35 U.S.C. § 285, and awarding Defendants their costs and reasonable attorneys' fees in defending this action; and

1    (g)    Granting Defendants such other and further relief as to the Court may

2  deem necessary, just, or proper.

3                          **DEMAND FOR JURY TRIAL**

4        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants

5  respectfully demand a trial by jury of any and all issues triable of right before a jury.

6

7  Dated:    August 10, 2017                Kasowitz Benson Torres LLP

8

9                                           By: */s/ Jonathan K. Waldrop*
                                            JONATHAN K. WALDROP
10                                          DARCY L. JONES
                                            MARCUS A. BARBER
11                                          JOHN W. DOWNING
                                            HEATHER S. KIM
12                                          JACK SHAW

13                                          Attorneys for Defendants ASUS
                                            COMPUTER INTERNATIONAL and
14                                          ASUSTeK COMPUTER INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28